IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 96-336-2 |
| TEVIN LEWIS | : | |

## MEMORANDUM

**Chief Judge Juan R. Sanchez**                                    **January  18, 2022**

Seeking to invoke one of the limited exceptions to the general rule that a federal court "may not modify a term of imprisonment once it has been imposed," *Dillon v. U.S.,* 560 U.S. 817, 819 (2010), Defendant Tevin Lewis moves the Court for early, "compassionate" release from his nearly 50-year sentence for a series of carjacking and firearms offenses.  The Court finds Lewis has not shown sufficient grounds for the relief sought and his motion shall therefore be denied.

## FACTUAL BACKGROUND

On January 6 and January 14, 1996, Tevin Lewis, Tyrone Briggs and Dameon Berry committed and/or attempted to commit three violent carjackings in the City of Philadelphia.  The three were armed and in the course of committing and trying to commit the carjackings, the trio attempted to murder all three victims.  Lewis tried to shoot two of the victims, but fortunately the firearm did not discharge on one of those occasions and on the other, he missed.  Briggs failed in his attempt at murder because his gun also did not fire.  Berry tried to run down the first victim, who luckily escaped.  After the third carjacking was attempted, the victim, a Budget-Rent-A-Car security guard, immediately contacted the Philadelphia police and the three defendants were located a short while later.  Following a high-speed chase in which they led two police cruisers

1

through various sections of the city, Briggs, Lewis and Berry were caught after crashing the stolen car in which they were travelling the wrong way down Overington Street into a pole and running away.

On November 15, 1996 following a four-day jury trial, Lewis, Briggs and Berry were all convicted of one count of conspiracy to commit carjackings in violation of 18 U.S.C. § 371,  one count of carjacking and aiding and abetting in violation of 18 U.S.C. § 2119(1) and (2), two counts of  attempted carjacking and aiding and abetting also in violation of 18 U.S.C. § 2119(1) and (2), and three counts of using a firearm in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C.  § 924(c)(1), and (2).  At sentencing, Judge McGlynn, to whom the case was then assigned, sentenced Lewis to 63 months in prison on the carjacking counts, and consecutive terms of 60 months, 240 months and 240 months on the three § 924(c) charges.  Lewis is now 44 years old.

**DISCUSSION**

In this motion, Lewis seeks early "compassionate" release from his ongoing sentence. Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i), the Court can reduce a term of imprisonment on motion by a defendant "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that - (i) extraordinary and compelling reasons warrant such a reduction" … "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  Lewis argues that an "extraordinary and compelling reason" for reduction exists in his case as a result of the First Step Act amendment to 18 U.S.C. § 924(c) (using a firearm in relation to a crime of violence).  First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22.  Thanks to that amendment, § 924(c) now imposes the 25-year mandatory minimum sentence for subsequent offenses only if a defendant already had a final conviction for

2

a § 924(c) offense at the time the second or subsequent such offense was committed. 18 U.S.C. § 924(c)(1)(C)(i).  Because Lewis was convicted under a prior version of the statute of multiple §924(c) violations in a single prosecution, he faced and was sentenced to a 20-year minimum sentence on the second and all subsequent violations. *See*, *e.g., Deal v. United States*, 508 U.S. 129, 132 (1993) (holding requirement under § 924(c) of enhanced sentence for subsequent conviction of carrying firearm during crime of violence was applicable to second through sixth of six counts on which accused was found guilty in single proceeding).   In all probability, if sentenced today, Lewis would have received a significantly lighter sentence.  Lewis additionally asserts that since he was sentenced at the age of 19, he has fully rehabilitated himself, as evidenced by his having earned his G.E.D., completed his required drug program, taking numerous courses, "picked up" several trades and losing over 200 pounds.  His last disciplinary report was in 2001. His father died in 2018 from cancer, his aging mother needs him, and he has a 24-year-old son with whom he has never spent time as a free man.  Finally, he alleges he would have employment in his family's restaurant business if this motion was granted and that all of these considerations favor his early release.  Def's Mot. for Comp. Rel., 3-4 (ECF No. 239).

Lewis' § 924(c) arguments fail under the Third Circuit's August 30, 2021 decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021).  Addressing the same issues as those presented here, the Third Circuit first observed Congress specifically chose not to apply the new sentencing scheme to people who had already been sentenced under the old version.  "The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance…" and "the nonretroactive changes to the 924(c) mandatory minimums also cannot be a basis for compassionate release."  *Id.,* at 260-261.  This Court is bound by *Andrews* and Lewis has therefore

not shown an extraordinary and compelling reason warranting reduction of his term of imprisonment by the §924(c)(1)(C)(i) amendment.

Turning to the other reasons advanced by Lewis, a sentence reduction under § 3582 (c)(1)(A) may be granted by the Court if "after considering the factors set forth in § 3553(a) to the extent they are applicable, it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Nunez*, 483 F. Supp. 3d 280, 284-285 (E.D. Pa. 2020). *Andrews* is also noteworthy for its holding that the existing Sentencing Commission Policy Statement for § 3582(c)(1)(A) contained in the Commentary to U.S.S.G. § 1B1.13, is not binding on the courts where compassionate release motions are made by the defendants themselves. *Andrews*, 12 F.4th at 259. The Policy Statement, however, "still sheds light on the meaning of extraordinary and compelling reasons," in light of the "commonplace of statutory interpretation that 'Congress legislates against the backdrop of existing law.'" *Andrews*, 12 F.4th at 260 (quoting *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, ___U.S.___ , 139 S. Ct. 1881, 1890 (2019)). Hence, while the courts are free to interpret the meaning of "extraordinary and compelling" for themselves, the existing Policy Statement may properly be considered for guidance in this inquiry. *Id.* The Policy Statement provides several examples of what may constitute extraordinary and compelling reasons including the defendant suffering from a terminal illness, serious physical or medical condition, serious functional or cognitive impairment or experiencing deteriorating physical or mental health due to the aging process that substantially diminishes his ability to care for himself within the prison environment. Commentary Application Note 1(A). Additional pertinent factors arise where the defendant is at least 65 years old, has served at least 10 years or 75% of his sentence and is experiencing a serious deterioration in mental and/or physical health as

4

a result of age or where the caregiver of a defendant's minor children dies or becomes incapacitated or a defendant's spouse or registered partner becomes incapacitated and the defendant is that person's only available caregiver.  None of these circumstances has been pled or shown to exist in Lewis' case, and they therefore offer no support to his claim for early release.  Lewis submits only that his father died several years ago, his aging mother could use his assistance and he has a now-adult son with whom he would like to spend time as a free man.  He also points to his good conduct in prison over the past twenty years, his having availed himself of numerous courses and his acquisition of several trade skills, his GED, and his self-programming as evidence of his rehabilitation.  The Court recognizes and applauds all that Lewis has done and accomplished over the course of his incarceration.  While these efforts do militate in favor of release, rehabilitation of the defendant alone, does not constitute an extraordinary and compelling reason.  28 U.S.C. §994(t); U.S.S.G. § 1B1.13 (Policy Statement), Application Note 3.

Finally, the Court is obligated to consider the same factors as are examined in sentencing under 18 U.S.C. § 3553(a).  Of relevance here are: the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and to protect the public from further crimes of the defendant.  § 3553(a)(1) – (2).  In application of these, the Court observes that Lewis was convicted of three very violent car jackings over a one-month period of time in which murder of the victims was attempted but thankfully unsuccessful.  Although Lewis was just 19 years old at the time, he himself attempted to fire a handgun at one victim's head at point-blank range and at the neck of another victim.  When the Philadelphia police attempted to apprehend Lewis and his co-defendants, they led them on a high-speed chase in one of the carjacked vehicles the wrong way

5

down a one-way street.  After crashing that vehicle into a utility pole, Lewis and the others fled on foot, but were eventually apprehended.  That the nature and circumstances of Lewis' criminal conduct is highly egregious and worthy of a significant term of imprisonment is obvious.  The imposed sentence recognized this and was clearly designed to promote respect for the law, deter such future behavior and protect the public from similar future conduct by Lewis.  These factors weigh strongly against Lewis' application for compassionate release and, in fact, outweigh his other arguments.  The Court therefore exercises its discretion and denies Lewis' motion for early, compassionate release at this time.

An Order follows.

BY THE COURT:


/s/ Juan R. Sanchez
_____
Juan R. Sanchez,          C.J.